**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS A. ESPINOZA, | No. 18-16835 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-02159-YGR |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted August 11, 2020**
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,*** District Judge.

Carlos Espinoza appeals the denial of his habeas corpus petition. A motions

panel granted a certificate of appealability on the issue of "whether juror misconduct

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

violated appellant's rights to due process and a fair and impartial jury."[1]  We have

jurisdiction under 28 U.S.C. § 2253, and, on de novo review, *Parle v. Runnels*, 505

F.3d 922, 926 (9th Cir. 2007), we affirm.

Espinoza's juror misconduct challenge centers on Juror No. 55's unauthorized

visit to the scene, disclosed to other jurors during deliberations.  When considering

prejudice due to juror misconduct, we must determine "whether the . . . error had

substantial and injurious effect or influence in determining the jury's verdict."

*Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (citation omitted).[2]  Based on the

circumstances, we find no such prejudicial effect came from the offending juror's

misconduct.  The trial court held a hearing, found the statements to the other jurors

did not impact their deliberations, dismissed the offending juror, admonished the

remaining jurors, and called in an alternate.[3]  Beyond this, the extraneous

---

[1] Espinoza requests we expand the certificate of appealability to include his confrontation clause claim concerning the gang expert's testimony.  *See* 28 U.S.C. § 2253(c)(1); 9th Cir. R. 22-1(e).  We decline to do so because Espinoza has not made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

[2] Espinoza urges us to apply the two-step *Mattox/Remmer* framework.  Yet, as this Court stated in *Godoy v. Spearman*, 861 F.3d 956, 959 (9th Cir. 2017) (en banc), that inquiry applies "when faced with allegations of improper contact between a juror and an outside party."  Here, Juror No. 55's visit to the scene and disclosure to other jurors constitutes a "communication of extrinsic facts," where this Court applies the *Brecht* harmlessness standard.  *See Sassounian v. Roe*, 230 F.3d 1097, 1108–11 (9th Cir. 2000) (analyzing prejudicial effect of extrinsic information received by jury).

[3] In employing this procedure rather than declaring a mistrial as Espinoza requested, the trial court stated, "[Juror No. 55] quickly was told by the rest of the jurors that

2

information Juror No. 55 conveyed was not inconsistent with other evidence at trial. Therefore, we conclude that Juror No. 55's visit and comments did not substantially and injuriously affect or influence the jury's verdict. Furthermore, the state appellate court's prejudice analysis of Espinoza's juror misconduct claim was not unreasonable under 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

[his visit to the scene] was not an okay thing to do . . . . It does not appear that there were any discussions other than that was not an okay thing to do were held between the other jurors regarding the comments that Juror [No.] 55 made."